IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**ISMAEL REYES-RIVAS,**<br>Defendant. | CRIMINAL NO. 12-778 (GAG) |

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, José A. Ruiz-Santiago, Assistant United States Attorney and Chief, Money Laundering and Asset Forfeiture Unit, Myriam Y. Fernández, Assistant United States Attorney and Deputy Chief, Narcotics Unit, and Max Pérez-Bouret, Special Assistant United States Attorney, along with Defendant, **ISMAEL REYES-RIVAS**, and his counsel, **Giovanni Canino-Sanchez**, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment.

**Count One:**

On or about October 24, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, **ISMAEL REYES-RIVAS**, with the intent to cause death or serious bodily harm, took

1

a motor vehicle from the person or presence of ALS, that is, 2009 white Jeep Patriot, bearing license plate HMH-551, VIN 1J8FT28B49D239147, vehicle that had been transported, shipped or received in interstate or foreign commerce, by force, violence and intimidation. All in violation of Title 18, <u>United States Code</u>, Section 2119(1).

2.  **MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not more than FIFTEEN (15) years, pursuant to 18 U.S.C. § 2119 (1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).



3.  **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5.  **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6.  **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea and Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7.  **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220

(2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| SENTENCING GUIDELINE CLACULATION T. 18 USC § 2119 (1) | |
|---|---|
| Base Offense Level: U.S.S.G. § 2B3.1(a): Robbery | 20 |
| Specific Offense Characteristic: (b)(2)(F) Death Threat | +2 |
| Specific Offense Characteristic: (b)(5) Carjacking | +2 |
| Acceptance of Responsibility: U.S.S.G. § 3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 21 |
| **IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY II** | (41-51) Months (Zone D) |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

The parties agree that the Defendant will request the **lower end of the applicable guideline range and that the Government reserves its right to request a sentence up to the higher end of the guideline range.** The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

...

**10.   WAIVER OF APPEAL**

Defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions, and recommendations, Defendant waives and surrenders his right to appeal the judgment and sentence in this case.

**11.   NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12.   SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **Giovanni Canino-Sanchez**, and asserts that counsel has rendered effective legal assistance.

**13.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by

    exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.



**14. STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**15. LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
José Ruiz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 3/19/13

_____
Myriam Y. Fernandez
Assistant U.S. Attorney
Chief, Money Laundering and Asset Forfeiture Unit
Dated: 3-19-13

_____
Max Pérez-Bouret
Special Assistant U.S. Attorney
Dated: 3-19-13

_____
Giovanni Canino-Sanchez
Counsel for Defendant
Dated: 08/26/13

_____
ISMAEL REYES-RIVAS
Defendant
Dated: 08/26/13

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 03/26/13

ISMAEL REYES-RIVAS
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 03/26/13

Giovanni Canino-Sanchez
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **ISMAEL REYES-RIVAS**, agrees that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. §§ 2119 (1). The following is a synopsis of the facts in this case:

On or about October 24, 2012, in San Juan, Puerto Rico, Defendant, **ISMAEL REYES-RIVAS**, with the intent to cause death or serious bodily harm, took a motor vehicle from the person or presence of ALS, that is, 2009 white Jeep Patriot, bearing license plate HMH-551, VIN 1J8FT28B49D239147, vehicle that had been transported, shipped or received in interstate or foreign commerce, by force, violence and intimidation.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, testimony of PRPD and FBI Agents, photographs, video recordings, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
Max Pérez-Bouret
Special Assistant United States Attorney
Dated: 3-19-13

_____
Giovanni Canino-Sanchez
Counsel for Defendant
Dated: 03/26/13

_____
ISMAEL REYES-RIVAS
Defendant
Dated: 03/26/13

9